IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                           CRIMINAL ACTION NO. 2:22-cr-00180

DAVID JONES,

        Defendant.

**MEMORANDUM OPINION AND JUDGMENT ORDER**

Pending before the Court is the Defendant's *Motion for Reduction in Sentence Pursuant to 18 U.S.C. §3582(c)(2)*, brought to reduce his sentence based on a subsequent reduction in the applicable sentencing guideline. (Document 32.) On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect. Recognizing that the courts, probation officers, and the Bureau of Prisons would need time to process motions and prepare release plans, the Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 not be effective until February

1, 2024, or later. (See Amendment 825 to USSG §1B1.10, effective November 1, 2023). Accordingly, an order reducing a term of imprisonment based upon retroactive application of Amendment 821 must have an effective date of February 1, 2024, or later. By previous Order entered on August 28, 2024, this case was designated for Standard consideration pursuant to this Court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments.

The Court has received and considered the original Presentence Investigation Report (PSR), the original Judgment and Commitment Order and Statement of Reasons, the plea agreement, the addendum to the PSR from the Probation Office, and all materials submitted by the parties on this issue. The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Mr. Jones was convicted of witness tampering pursuant to a guilty plea entered on October 6, 2022. At the time of his original sentencing, he had zero criminal history points. He had a total offense level of 27 and a criminal history category of I, for a Guideline range of 70 to 87 months. On April 27, 2023, the Court imposed a guideline sentence of imprisonment of 87 months, to be followed by three years of supervised release. Mr. Jones's projected release date is January 26, 2029. Following implementation of Amendment 821, Mr. Jones argues that he would receive an additional two-level reduction to his offense level after Chapters Two and Three of the Guidelines Manual are applied. His offense level would be 25 and his criminal history category would remain I, resulting in an amended Guideline range of 57 to 71 months.

The United States Probation Office reviewed Mr. Jones's file to see if he was eligible for a sentence reduction and, by a Retroactive Sentencing Addendum dated August 30, 2024, determined that he was not. (Document 35.) According to the Probation Office, Mr. Jones could

not satisfy the eighth factor of USSG § 4C1.1 because the instant offense of conviction is covered by USSG § 2H1.1 (Offenses Involving Individual Rights) through a cross-reference. The Defendant argues that although the calculation of his guilt under the Guidelines required consulting § 2H1.1, which has no Base Offense Level limitation, his offense of conviction is covered by § 2X3.1, which has a Base Offense Level limitation of 30.

The Court finds that Mr. Jones's conviction is covered by USSG § 2H1.1, and that the Defendant's argument otherwise is without merit. Relevant here, the underlying offense, defined as the "offense the defendant is convicted of having materially supported after its commission," is a deprivation of rights in violation of 18 U.S.C. § 242. USSG § 2X3.1, comment. (n.1). Mr. Jones admitted to intentionally lying to both state and federal officers that were investigating the sexual abuse perpetrated by one of his supervisee parole officers. The sexual abuse committed by the supervisee parole officer was done under the color of law and in connection with the officer's work. Mr. Jones was aware the sexual abuse occurred because the victim parolee reported the abuse to him. Instead of helping the victim, Mr. Jones asked the victim to delete evidence and lie to investigators. Thus, Mr. Jones's conduct meets the underlying offense of a deprivation of rights. The applicable Guideline for a deprivation of rights offense is found in USSG § 2H1.1.

Furthermore, an additional applicable underlying offense is criminal sexual abuse under USSG § 2A3.1. Mr. Jones knew his supervisee parole officer both sexually harassed a parolee and threatened to damage her workplace, resulting in a violation of 18 U.S.C. § 2242 (prohibition of knowingly or attempting to cause another to engage in a sexual act by threats). Mr. Jones's knowledge of this attempted sexual abuse makes USSG § 2A3.1 applicable. A cross-reference to USSG § 2H1.1(b)(3) provides for a two-level increase when the victim was in the custody, care, or supervisory control of the defendant. Here, Mr. Jones knew that the victim parolee was under

the control of the supervisee parole officer due to the nature of a parole officer–parolee relationship. Additionally, USSG § 2H1.1 allows for a six-level increase if the public official commits an offense under color of law. Again, Mr. Jones had knowledge that his supervisee parole officer engaged in sexual abuse and threats in his official capacity as a parole officer and under the color of law that accompanies that position. As discussed here and at sentencing, USSG § 2H1.1 was not simply consulted in determining the applicable Base Offense Level in this case, it was central to the determination. For the foregoing reasons, this Court finds that Mr. Jones does not satisfy the eighth factor of USSG § 4C1.1 and is not entitled to a reduction under Amendment 821.

Assuming *arguendo* that Mr. Jones's offense is not covered by USSG § 2H1.1 and he is eligible for a reduction as a zero-point Offender, the Court nevertheless finds that a reduction under Amendment 821 is not appropriate in this case when considering the Section 3553(a) factors. Mr. Jones stands convicted of witness tampering for using his position as a parole officer to disregard and cover up the sexual harassment that he allowed one of his supervisee parole officers to perpetrate. When the victim parolee came to Mr. Jones to report the harassment by the supervisee parole officer, instead of helping her or taking disciplinary action, Mr. Jones instructed her to delete recordings of the harassment. Later, the victim parolee again reported concerns regarding the supervisee parole officer, specifically that he threatened to damage her workplace, and again, Mr. Jones did nothing.

Mr. Jones had multiple opportunities to make the right decision, but repeatedly chose to violate the law. Mr. Jones did not tell investigators about the allegations brought by the victim parolee, he instructed the victim parolee to lie to the FBI and to delete evidence, and he lied to investigators. Mr. Jones's actions were undertaken not to protect the victim parolee, but to protect himself and his supervisee parole officer from criminal liability and discipline. Not only did Mr.

Jones allow his supervisee parole officer to sexually harass parolees, but he too had improper sexual relationships with three parolees. Although Mr. Jones has not had any disciplinary infractions during his incarceration, this does not outweigh the egregiousness of the conduct that led to his conviction and incarceration. Furthermore, because his actual conduct was similar to the conduct of those sentenced under 2H1.1, the Court finds that applying the zero-point offender reduction would result in unwarranted sentencing disparity.

Accordingly, the Court finds that the original sentence of 87 months of imprisonment, followed by three years of supervised release, remains sufficient, yet not greater than necessary, to meet the goals of sentencing. It reflects the seriousness of the offense, provides just punishment, promotes respect for the law, and should deter Mr. Jones and others from committing similar crimes in the future. It also adequately protects the public from further crimes by Mr. Jones while avoiding unwarranted sentence disparities.

## CONCLUSION

Based on the foregoing considerations, the Court **ORDERS** that any relief pursuant to Amendment 821 be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: October 16, 2024

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA